**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT H. MARTIN, : | |
| : | Civil Action No. 09-5445 (RMB) |
| Petitioner, : | |
| : | |
| v. : | **OPINION** |
| : | |
| WARDEN DEBRA HICKEY, et al., : | |
| : | |
| Respondents. : | |

**APPEARANCES:**

Petitioner pro se
Robert H. Martin
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

Counsel for Respondents
Paul A. Blaine
Asst. U.S. Attorney
401 Market Street
4th Floor
Camden, NJ 08101

**BUMB**, District Judge

Petitioner Robert H. Martin, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The respondents are Warden Debra Hickey, the

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Federal Bureau of Prisons, and the United States Attorney General.

Based upon the record presented to this Court, the Petition will be denied.[2]

### I.   BACKGROUND

On May 11, 1997, Petitioner was arrested by Florida state officials and was charged with state offenses including attempted second-degree murder (of law enforcement officers) and discharging a machine gun.  He remained detained by state authorities following his arrest.

On July 10, 1997, while he was in state custody, Petitioner was indicted on federal charges in the Southern District of Florida, including two counts of possession of machine guns.  On July 24, 1997, Petitioner was taken before the federal court, pursuant to a writ of habeas corpus ad prosequendum, for his initial hearing on federal charges.  Again, pursuant to a writ of habeas corpus ad prosequendum issued on October 24, 1997, he was taken to the federal court, prior to his guilty plea on November 5, 1997, and his sentencing hearing on January 26, 1998.  There, the federal court imposed an aggregate sentence of 121 months'

---

[2] This matter was originally filed and briefed in the United States District Court for the Southern District of Georgia, after which it was transferred to this Court.  <u>See</u> <u>Martin v. Hickey</u>, Civil No. 209-017 (S.D. Ga.).  The parties were invited to supplement their briefs after transfer.  Neither party submitted a supplemental brief.  Accordingly, this matter is now ready for disposition.

imprisonment to be followed by three years supervised release. The judgment also made the following recommendation: "DEFENDANT TO RECEIVE CREDIT FOR TIME SERVED AS APPLICABLE BY STATUTE." The federal court also imposed a special assessment of $200, which Petitioner alleges he paid immediately. See United States v. Martin, Criminal No. 97-8076 (S.D. Fla.). After his sentencing, Petitioner was returned to the custody of Florida state officials. The U.S. Marshals Service lodged a detainer with state officials.

On January 15, 1999, Petitioner was convicted and sentenced, in state court, to a 99-year term of imprisonment on the state charges of attempted second-degree murder (of law enforcement officers) and discharging a machine gun. On July 20, 2005, his state sentences were reduced to ten years.

On November 7, 2005, Petitioner was released from his state sentence. The Bureau of Prisons determined that his federal sentence began on that same date. The Bureau of Prisons has not credit against Petitioner's federal sentence any of the time spent in the primary custody of the State of Florida, from the date of his arrest on May 11, 1997, through the conclusion of his state sentence, as Petitioner received credit for that time on his state sentence. His anticipated release date is September 12, 2014.

3

Here, Petitioner argues that the Bureau of Prisons erroneously failed to recognize its authority to designate state correctional facilities as a place for serving his federal sentence, that it failed to consider his request for such a nunc pro tunc designation, that it erroneously failed to make such a designation, and that it failed to treat Petitioner fairly and impartially.

## II. ANALYSIS

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

4

>    (1) as a result of the offense for which the
>    sentence was imposed; or
>
>    (2) as a result of any other charge for which
>    the defendant was arrested after the
>    commission of the offense for which the
>    sentence was imposed;

that has not been credited against another sentence. 18 U.S.C. § 3585(a), (b).

Here, the BOP properly determined that Petitioner's federal sentence commenced on November 7, 2005, when he was received into federal custody, not when he paid the special assessment, and properly refused under § 3585 to credit Petitioner with time during which Petitioner was in the primary custody of state authorities and that had been credited toward his state sentence.

When two different sovereigns have custody of a criminal defendant over time, the general rule is that the sovereign who acquires custody first in time has primary jurisdiction over the defendant.  See Chambers v. Holland, 920 F.Supp. 618, 622 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996) and cases cited therein.

>    Primary jurisdiction remains vested in the
>    [jurisdiction] which first arrested the defendant until
>    that jurisdiction relinquishes it priority by, e.g.,
>    bail release, dismissal of the state charges, parole
>    release, or expiration of the sentence.  ... Producing
>    a state prisoner under writ of habeas corpus ad
>    prosequendum to answer federal charges does not
>    relinquish state custody.

Chambers, 920 F.Supp. at 622 (citations omitted).

State authorities obtained primary custody of Petition when they arrested him on May 11, 1997.  The state government retained

primary custody when it produced Petitioner to federal authorities pursuant to a writ of habeas corpus ad prosequendum.

"Multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). A federal court's authority to order that terms of imprisonment imposed at different times shall run concurrently is limited, however, to cases in which the federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment. 18 U.S.C. § 3584(a). Where a state sentence has not yet been imposed, a federal court has no authority to order that its term of imprisonment shall run concurrently with a term of imprisonment that may be imposed in the future with respect to pending state charges. See Romandine v. United States, 206 F.3d 731, 737 (7th Cir. 2000); United States v. Quintero, 157 F.3d 1038 (6th Cir. 1998); United States v. Smith, 101 F.Supp.2d 332, 342-47 (W.D. Pa. 2000); United States v. McBride, 2000 WL 1368029 (E.D. Pa. Sept. 13, 2000). Cf. Barden v. Keohane, 921 F.2d 476, 484 (3d Cir. 1990) (noting that "the sentencing court not only was unable to order concurrency because it sentenced Barden before the state did but was actually powerless to do so"). Contra United States v. Williams, 46 F.3d 57, 58-59 (10th Cir.), cert. denied, 516 U.S. 826 (1995). Here, where there was no pending state sentence at the time the federal sentence was

imposed, the federal court had no authority to order the federal sentence to run concurrently to a state sentence that might be imposed in the future.

The BOP, however, in the exercise of its discretion, has authority to designate as a place of federal confinement, nunc pro tunc, the facilities in which a federal prisoner such as Petitioner served an earlier state sentence.  See Barden, 921 F.2d at 480-83 (a defendant is entitled to "fair treatment" on his application for a nunc pro tunc designation); 18 U.S.C. § 3621(b).[3]  The decision of the BOP is subject to judicial review only for abuse of discretion.  Barden, 921 F.2d at 478.

Pursuant to BOP Program Statement 5160.05, "State institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system."  P.S. 5160.05 ¶ 3(a) (2003).  The BOP's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors.  The

---

[3] Section 3621(b) provides that, "The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable ... ."

Program Statement specifically addresses requests by prisoners for a nunc pro tunc designation.

> (4) **Inmate Request.** Occasionally, an inmate may request a nun pro tunc (i.e., occurring now as though it had occurred in the past) designation. As a result of the decision in <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1990), the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation.
> 
> (a) In <u>Barden</u>, the court held that the Bureau must consider an inmate's request for concurrent service of the state and federal sentences.
> - However, there is no obligation under <u>Barden</u> for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence.
> 
> (b) This type of request will be considered regardless of whether the inmate is physically located in either a federal or state institution. Information will be gathered, if available, to include:
> - a copy of the federal and state J&Cs
> - the State sentence data record to include jail credit, and
> - any other pertinent information relating to the federal and state sentences.
> 
> (c) In making the determination, if a designation for concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the RISA will send a letter to the sentencing court (either the chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections. Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.
> 
> (d) If, after 60 days, a response is not received from the sentencing court, the RISA will

>    address the issue with the Regional Counsel and a
>    decision will be made regarding concurrency.
>         (e) No letter need be written if it is
>    determinated that a concurrent designation is not
>    appropriate. ...

P.S. 5160.05, ¶ 9(b).  With respect to state court pronouncements that state sentences are to run concurrently with federal sentences, the Program Statement notes that, "Just as the federal government has no authority to prescribe when a state sentence will commence, the state has no authority to order commencement of a federal sentence."  P.S. 5160.05, ¶ 7(g).

Here, Petitioner made his request for a nunc pro tunc designation of the state facilities, as a place for serving his federal sentence, in a Request for Administrative Remedy. Contrary to Petitioner's characterization, the Warden of the federal correctional facility in which he was then confined timely acknowledged the request and forwarded it to the Designation and Sentence Computation Center for consideration. The Center considered Petitioner's request, considering the nature and circumstances of the federal offense, the history and characteristics of the offender, and contacting the federal sentencing court for a statement concerning its position on a retroactive designation.  (Answer, Docs. 7, 8.)  The sentencing court advised the Bureau of Prisons that it "oppose[d] any retroactive designation in this case."  Thereafter, the Bureau of Prisons denied Petitioner's request.

The BOP properly contacted the sentencing court for its position, which was opposed to Petitioner's request, and properly reviewed Petitioner's criminal history to determine whether a nunc pro tunc designation would be consistent with the intent of the sentencing court and the goals of the criminal justice system. Petitioner has not identified any material information that was overlooked or discounted. Petitioner has not established any abuse of discretion in the BOP's consideration of his request. Petitioner is not entitled to relief in this matter.

### III. CONCLUSION

For the reasons set forth above, the Petition will be denied. An appropriate order follows.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: February 8, 2010